On Petition for Rehearing

OVERTON, Justice.
Upon reexamining Section 364.41 (6), Florida Statutes, we have concluded that our initial construction of that statute was partially incorrect. That portion of the opinion reading as follows should accordingly be deleted:
“Further, before determining that service of a present certificate holder is inadequate, the Commission, under Section 364.41(6), F.S., must afford the present holder a ‘hearing on reasonable notice to provide adequate service.’ An applicant’s proceeding in which the present certificate holder appears as a protestant is substantially different from a proceeding in which the present holder is required to establish adequacy of service in her own right. No notice was given to petitioner Wetmore that she had an additional burden and an affirmative obligation at this hearing under the provisions of said statute to establish that she was providing adequate service. We hold such notice and hearing necessary before the granting of a duplicate certificate is authorized, although there is no bar to a consolidation of that hearing with the hearing on the application for a duplicate certificate. Notice of an affirmative burden to show adequate service is the essential ingredient.”
We hold that the Commission may grant a duplicate certificate if, in the words of the statute, (1) “it shall first determine that the existing service is inadequate to meet the reasonable needs of the public” or (2) "... the person operating the same is unable to or refuses or neglects after hearing on reasonable notice to provide reasonably adequate service.” We agree that the statute provides two ways of instituting new service where there is an existing service. Inadequacy of existing service may be established in an applicant’s proceedings, provided that the holder of the present service has notice of these proceedings and is provided an opportunity to be heard. There is no affirmative burden on the present license holder in these types of proceedings. The second method prescribed by the statute is initiated by the Commission. Hearing and notice are required, and an affirmative burden is placed upon the present license holder to show adequate service.
We adhere to our original opinion insofar as it holds that the examiner, having found the existing certificate holder’s service adequate, did not take testimony or make any finding on the effect the duplicate and competing services would have on each other. The hearing was effectively cut short, and we deem this evidence essential under the circumstances of this case. *726 We further reiterate that the credibility of the testimony presented by both sides leaves much to be desired.
Subject to the modifications of the original opinion set forth herein, petitions for rehearing are hereby denied.
ADKINS, C. J., and BOYD, McCAIN and DEKLE, JJ., concur.